UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DUST PRO, INC., ) <br> ) <br> Defendant. ) <br> ) | 2:05-CV-2465 JWS <br><br> ORDER AND OPINION <br><br> [Re:  Motions at Docket <br>         Numbers 15 and 22] |

### I.  MOTIONS PRESENTED

At docket 15, plaintiff CSX Transportation, Inc. ("CSX") moves for summary judgment against defendant for $89,267.32 in freight charges pursuant to Federal Rule of Civil Procedure 56.  At docket 22, defendant Dust Pro, Inc. ("Dust Pro") cross moves for summary judgment in favor of defendant and against CSX.  Both motions are fully briefed.  Oral argument was not requested, and it would not assist the court.

### II.  BACKGROUND

CSX is an interstate rail carrier.  Dust Pro is in the business of soil stabilization and receives shipments of materials and chemicals via railway.  Shipments of various chemicals used by Dust Pro were transported from Conalaco, Tennesee, to Memphis, Tennessee, by CSX, from whence they were then transported onward to Phoenix by

Union Pacific Railroad. On August 16, 2005, CSX filed a complaint against Dust Pro seeking to recover unpaid railcar freight charges in the amount of $84,188.91 for which Dust Pro was the "bill to" party.[1] Plaintiff's complaint alleges that jurisdiction in this matter is based on 28 U.S.C. § 1337 and on 28 U.S.C. § 1332, "as this case presents a controversy between citizens of different states in which the amount at issue exceeds $75,000."[2] In its answer to the complaint, Dust Pro admits that the court has jurisdiction under both 28 U.S.C. § 1337 and 28 U.S.C. § 1332.[3] Dust Pro also alleges in the answer that it had no agreement with CSX, it dealt with Union Pacific Railroad, and "Plaintiff had no right to bill Defendant because Plaintiff was not the billing carrier and that Plaintiff had to bill Union Pacific Railroad who was responsible for the charges."[4]

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed.[5] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[6] Once the moving party meets its

---

[1] Complaint, doc. 1 at ¶ 6.

[2] *Id.* at ¶ 1.

[3] Answer, doc. 7 at ¶ 1.

[4] *Id.* at ¶ 6.

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Id.* at 325.

burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must resolve the dispute at trial.[7] The court views this evidence in the light most favorable to the nonmoving party and draws all justifiable inferences from it in favor of the nonmoving party.[8]

### IV.  DISCUSSION

**A.  Dust Pro's Motion**

Dust Pro's motion at docket 22 is styled a motion for summary judgment, but it is in substance a motion to dismiss for lack of subject matter jurisdiction.  Reduced to its essentials, Dust Pro's argument is that CSX's complaint necessarily lacks merit as to more than seventy percent of the amount claimed, because any payment for that portion of the transportation is owed to Union Pacific Railroad, not to CSX.  That leaves approximately $25,000 as CSX's claim against Dust Pro, an amount too small to satisfy the diversity jurisdiction requirement that there be $75,000 in dispute.

The argument is frivolous.  Jurisdiction turns not upon the ultimate success of a claim, but upon the amount in controversy.[9]  CSX's complaint alleges that Dust Pro is obligated to pay it in excess of $84,000.  Thus, the amount in controversy exceeds the $75,000 threshold, because courts look to demand on the face of the complaint to

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[8] *Id.* at 255; *Soldano v. United States*, – F.3d – , 2006 WL 1897081 (9th Cir. 2006) (quoting *Olson v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)).

[9] 28 U.S.C. § 1332(a).

determine the amount that is in controversy.[10] Moreover, Dust Pro admitted that the amount in controversy exceeds $75,000.[11]

**B. CSX's Motion**

CSX asks the court to enter summary judgment against Dust Pro "for $89.267.32, which represents all of the unpaid freight charges due and owing."[12] Defendant contends that 72% of the allegedly unpaid freight bills are owed to Union Pacific Railroad and that "the most that the plaintiff could recover for itself is $24,994.85 (which is its 28% share of the allegedly unpaid balance of $89,267.32)."[13]

In support of its motion, defendant presents various documents, including the affidavit of Melvin Olney, who is CSX's Manager of Customer Accounting.[14] Mr. Olney avers that CSX had a tariff in effect governing rail shipments and the rates to be charged, beginning on or about January of 2004, Dust Pro incurred an obligation to pay freight charges to CSX in the amount of $89,267.32 pursuant to the tariff, CSX paid Union Pacific it share of the freight charges, CSX billed Dust Pro, and Dust Pro has not paid.[15]

---

[10] *See, e. g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003).

[11] Answer, doc. 7 at ¶ 1.

[12] Doc. 15 at 5.  The amount claimed in the motion presumably includes the original charges of $84,188.91 plus accrued interest.

[13] Doc. 22 at 3.

[14] Affidavit of Melvin Olney, attached as Ex. D to Statement of Facts filed with the motion at docket 15  ("Olney Affidavit.")

[15] Olney Affidavit at ¶¶ 5 - 10.

Dust Pro contends in its controverting statement of facts that the amount owed is "ambiguous" and cites page 9 of Mr. Olney's deposition to support the proposition that Dust Pro owes only 28% of the amount claimed to CSX.[16] The cited page of the deposition creates no ambiguity. Rather, it confirms that CSX paid Union Pacific.[17] Next, Dust Pro cites the deposition of Mr. Lou Snow, an officer of Dust Pro, to support the proposition that Dust Pro was not the "bill to" party for the transportation that gives rise to CSX's claim. The court has carefully reviewed the cited deposition testimony[18] and finds no admissible evidence to support the proposition that Dust Pro was not the "bill to" party, meaning it was not the party which should have paid CSX. For example, Mr. Snow testified that he had no direct communications with Mr. Rummel, but that he understood Mr. Rummel told Jean Green, the Dust Pro office manager, that payments were to be made to Union Pacific.[19] Mr. Snow's testimony on this point is hearsay and therefore inadmissible.[20] While Dust Pro did not provide any testimony from Jean Green, CSX did provide an extract from her deposition.[21] The court has also reviewed that testimony. While Ms. Green does say that Mr. Rummel told her that Union Pacific

---

[16] Doc. 24 at p. 2.

[17] *Id.*, Ex. A.

[18] *Id.,* Ex. B. (For example, Mr. Snow testified that Mr. Rummel of CSX did not talk to him directly, but that he had heard from Jean Green that Rummel said CSX was not to be paid. Deposition p. 17 at ll. 17-25).

[19] *Id.* ad Deposition p. 17, ll. 17-25.

[20] Fed. R. Evid. 801 and 802.

[21] Doc. 15, Ex. G to Statement of Facts.

rather than CSX should be paid, she identifies Mr. Rummel as someone with the Union Pacific Railroad. Thus, her testimony is likewise hearsay and inadmissible.[22]

CSX has presented an affidavit pursuant to which its witness has stated under oath and based upon personal knowledge that Dust Pro owes CSX $89,267.32 for rail transportation of shipments for Dust Pro which Dust Pro has failed to pay. Dust Pro does not deny that it received the benefit of the rail transportation and owes payment to somebody. Dust Pro apparently believes that it was obligated to pay Union Pacific, not CSX. However, Dust Pro offers no evidence to show that Dust Pro actually paid any part of the disputed charges to Union Pacific, and Dust Pro offers no admissible evidence to contravene CSX's evidence that Dust Pro owes CSX for the services received. Under these circumstances, the material facts are not in dispute, and CSX is entitled to judgment as a matter of law.[23]

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion for summary judgment at docket 15 is **GRANTED**, and defendant's cross-motion for summary judgment at docket 22 is

---

[22] Fed. R. Evid. 801 and 802.

[23] Reading all of the papers provided, it appears to the court that the larger picture is that for some years Dust Pro arranged for rail transportation "Rule 11 Collect" which obligated it to pay the delivering railroad, Union Pacific, until there was a dispute between Dust Pro and Union Pacific about what Dust Pro owed Union Pacific, and thereafter (including the period relevant here) Dust Pro's shipments were moved "prepaid," meaning that Dust Pro was obligated pay the originating railroad, CSX. Even if the court's conception of the "larger picture" is flawed, the analysis in the text shows that CSX is entitled to summary judgment.

**DENIED**.  The Clerk will please enter judgment against defendant that plaintiff shall recover the sum of $89,267.32, plus any costs that may be taxed.

DATED at Anchorage, Alaska, this 18th day of September 2006.


                                                      /s/
                                      JOHN W. SEDWICK
                        UNITED STATES DISTRICT JUDGE